JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-05428-MRA-AGR | Date | June 25, 2024 |
| Title | Grower Direct Supply, Inc. v. Seville Farms, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER STAYING ACTION PENDING BANKRUPTCY PROCEEDINGS AND DENYING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE [ECF 20, 40]**

On May 2, 2024, Defendants Seville Farms, Inc. ("Seville") and Woodbridge Partners, LP ("Woodbridge") notified the Court that they had recently filed petitions for Chapter 11 bankruptcy in the Northern District of Texas. ECF 50. These filings operate as an automatic stay of this case against these two Defendants under 11 U.S.C. § 362(a).

Plaintiff Grower Direct Supply, Inc. brought this action against Seville, Woodbridge, and Defendant Robert Brentlinger ("Brentlinger"). ECF 1. Seville, and Woodbridge and Brentlinger as alter egos of Seville, were sued for breach of contract, fraudulent inducement, and violation of the California Uniform Fraudulent Transfer Act; Plaintiff seeks damages and injunctive and declaratory relief. ECF 19 (Second Amended Complaint). All three Defendants in this case have Motions to Dismiss pending before the Court. ECF 20, 40. Based on Seville and Woodbridge's bankruptcy notification, the Court ordered all parties in this matter to provide additional briefing on (1) whether the Court may rule on the pending Motions to Dismiss in a manner not inconsistent with the purpose of 11 U.S.C. § 362(a); and (2) whether the Court must stay the action as to all Defendants or only as to Defendants Seville and Woodbridge, given that Plaintiff has sued Defendant Brentlinger, like Woodbridge, under an alter ego theory of liability. ECF 51. Brentlinger filed his brief on June 17, 2024. ECF 52. Seville and Woodbridge also filed their brief on June 17, 2024. ECF 53. Plaintiff filed its brief on June 18, 2024. ECF 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-05428-MRA-AGR | Date | June 25, 2024 |
| Title | Grower Direct Supply, Inc. v. Seville Farms, Inc. et al. | | |

Having considered the parties' additional briefing and the applicable law, the Court finds that it would be inconsistent with the purpose of 11 U.S.C. § 362(a) to rule on the merits of the pending Motions to Dismiss and, therefore, declines to do so at this time. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that "post-[bankruptcy]-filing dismissal in favor of the bankrupt of an action that falls within the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *Hittle v. City of Stockton, Cal.*, No. 2:12-cv-00766-GEB-KJN, 2012 WL 3886099, at *1 (E.D. Cal. Sept. 6, 2012) (applying *Dean* at the motion to dismiss stage and explaining that "the case law in this Circuit establishes that, following an automatic stay, a court may not rule on issues that require the court to consider the possible liability of the debtor in the underlying case." (quoting *Lewis v. Russell,* No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290, at *2 (E.D. Cal. May 7, 2009))); *ComUnity Collectors LLC v. Mortg. Elec. Registration Servs., Inc.*, No. C-11-4777 EMC, 2012 WL 3249509, at *5 (N.D. Cal. Aug. 7, 2012) (applying *Dean* to reason that, where a bankruptcy stay exists, a court may only consider a motion to dismiss when "considering [the] motion does not implicate the underlying issues or merits of [the] action"); *see also Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1061 (9th Cir. 2017) (finding that the sweep of the automatic bankruptcy stay is broad and "serves as one of the most important protections in bankruptcy law" by providing "debtors with protection against hungry creditors," assuring "creditors that the debtor's other creditors are not racing" to pursue their own actions "to drain the debtor's assets," and providing "the debtor with some breathing space so that the debtor can focus on reorganization rather than the defense of pending litigation" (internal citations and quotations omitted)).

Additionally, the Court finds that, because Plaintiff is suing Defendant Brentlinger (not a party to either of the pending bankruptcy actions) as an *alter ego* of Defendant Seville, "the interests of the debtor and the nondebtor are inextricably interwoven" and so a stay of the case as to Brentlinger is also appropriate. *In re Ripon Self Storage, LLC*, No. BAP EC-10-1325-HKid, 2011 WL 3300087, at *6 (B.A.P. 9th Cir. Apr. 1, 2011). As Plaintiff argues in its additional brief, the First Amended Complaint alleges "there should be no difference between Seville Farms and Mr. Brentlinger." ECF 54 at 4. For the Court to consider Brentlinger's pending Motion to Dismiss for lack of personal jurisdiction and failure to state a claim, ECF 20, it would necessarily need to examine and make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-05428-MRA-AGR | Date | June 25, 2024 |
| Title | Grower Direct Supply, Inc. v. Seville Farms, Inc. et al. | | |

determinations on issues underlying the case that apply to Seville and possibly Woodbridge. Because "there is no way for the court to determine whether [Brentlinger] is liable to plaintiff on these claims without thinking about the issues undergirding plaintiff's claim[s] against bankrupt [defendants Seville and Woodbridge]," the Court will stay the case against Brentlinger. *Ryan-Beedy v. Bank of New York Mellon*, No. 2:17-cv-01999 WBS EFB, 2019 WL 1556673, at * 3 (E.D. Cal. Apr. 10, 2019) (quoting *Dean*, 72 F.3d at 756); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Accordingly, this action is hereby **STAYED** against <u>all</u> Defendants—Seville, Woodbridge, and Brentlinger—pending the resolution of Seville's and Woodbridge's bankruptcy cases. Without addressing the merits of the pending Motions to Dismiss, the Motions are **DISMISSED** without prejudice and may be renewed once the bankruptcy proceedings are resolved. The clerk is directed to *administratively close* this case pending further order of the Court.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga